IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| TQP DEVELOPMENT, LLC, | § | |
|     PLAINTIFF, | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:11-CV-398 |
| | § | |
| 1.  ALASKA AIRLINES, INC.; | § | |
| 2.  EXPEDIA, INC.; | § | JURY TRIAL DEMANDED |
| 3.  FAREPORTAL, INC.; | § | |
| 4.  HORIZON AIR INDUSTRIES, INC.; | § | |
| 5.  HOTWIRE, INC.; | § | |
| 6.  ORBITZ, LLC; | § | |
| 7.  SOUTHWEST AIRLINES CO.; AND | § | |
| 8.  US AIRWAYS, INC., | § | |
|     DEFENDANTS. | § | |
| | § | |

ALASKA AIRLINES' ANSWER AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Alaska Airlines, Inc. ("AAI") and its affiliate Defendant Horizon Air Industries, Inc. d/b/a Horizon Air ("Horizon") (AAI and Horizon collectively, "Alaska Airlines") file this Answer and Counterclaims to Plaintiff TQP Development, LLC's ("TQP") First Amended Complaint. The numbered paragraphs below correspond to the same numbered paragraphs in the Complaint.

PARTIES

1. Alaska Airlines admits that TQP purports to be a Texas limited liability company having a principal place of business at 207C North Washington Street, Marshall, Texas 75670.

2. Alaska Airlines admits that AAI is an Alaska corporation, with its principal place of business in Seattle, Washington. Alaska Airlines admits AAI has appointed Corporation Service Company of Juneau, AK as its agent for service of process.

3. Paragraph 3 does not require a response by Alaska Airlines. To the extent that Paragraph 3 is deemed to require a response, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of Paragraph 3 and therefore denies the same.

4. Paragraph 4 does not require a response by Alaska Airlines. To the extent that Paragraph 4 is deemed to require a response, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of Paragraph 4 and therefore denies the same.

5. Paragraph 5 does not require a response by Alaska Airlines. To the extent that Paragraph 5 is deemed to require a response, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of Paragraph 5 and therefore denies the same.

6. Alaska Airlines admits that Horizon is a Washington corporation, with its principal place of business in Seattle, Washington. Alaska Airlines admits that Horizon has appointed Shannon Alberts as its agent for service of process.

7. Paragraph 7 does not require a response by Alaska Airlines. To the extent that Paragraph 7 is deemed to require a response, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of Paragraph 7 and therefore denies the same.

8. Paragraph 8 does not require a response by Alaska Airlines. To the extent that Paragraph 8 is deemed to require a response, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of Paragraph 8 and therefore denies the same.

9. Paragraph 9 does not require a response by Alaska Airlines. To the extent that Paragraph 9 is deemed to require a response, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of Paragraph 9 and therefore denies the same.

JURISDICTION AND VENUE

10. Alaska Airlines states that the allegations in this Paragraph constitute legal conclusions to which a responsive pleading is not required; however, Alaska Airlines admits that the Complaint purports to set forth an action for patent infringement under the patent laws of the United States, Title 35 of the United States Code. Any allegations not specifically admitted are denied.

11. Alaska Airlines states that the allegations in this Paragraph constitute legal conclusions to which a responsive pleading is not required; however, Alaska Airlines denies the allegations of Paragraph 11. To the extent that Paragraph 11 is deemed to require a response with respect to the other Defendants, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations and therefore denies the same.

12. Alaska Airlines states that the allegations in this Paragraph constitute legal

conclusions to which a responsive pleading is not required; however, Alaska Airlines denies each and every allegation of Paragraph 12. To the extent that Paragraph 12 is deemed to require a response with respect to the other Defendants, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations and therefore denies the same.

COUNT I

INFRINGEMENT OF U.S. PATENT NO. 5,412,730

13. Alaska Airlines admits the face of the U.S. Patent No. 5,412,730 ("the '730 patent" or the "Patent-in-Suit") indicates it was issued on May 2, 1995 by the United States Patent and Trademark Office and is entitled "Encrypted Data Transmission System Employing Means for Randomly Altering the Encryption Keys." Alaska Airlines admits a purported copy is attached to the Complaint as Exhibit A, but lacks knowledge sufficient to admit or deny that it is a true and correct copy. Any allegations not specifically admitted are denied.

14. Alaska Airlines denies the allegations of Paragraph 14.

15. Paragraph 15 does not require a response by Alaska Airlines. To the extent that Paragraph 15 is deemed to require a response, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of Paragraph 15 and therefore denies the same.

16. Paragraph 16 does not require a response by Alaska Airlines. To the extent that Paragraph 16 is deemed to require a response, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of Paragraph 16 and therefore denies the same.

17. Alaska Airlines denies the allegations of Paragraph 17.

18. Paragraph 18 does not require a response by Alaska Airlines. To the extent that Paragraph 18 is deemed to require a response, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of Paragraph 18 and therefore denies the same.

19. Paragraph 19 does not require a response by Alaska Airlines. To the extent that Paragraph 19 is deemed to require a response, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of Paragraph 19 and therefore denies the same.

20. Paragraph 20 does not require a response by Alaska Airlines. To the extent that Paragraph 20 is deemed to require a response, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of Paragraph 20 and therefore denies the same.

21. Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of

Paragraph 21 and therefore denies the same.

22. Paragraph 22 does not require a response by Alaska Airlines. To the extent that Paragraph 22 is deemed to require a response, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations of Paragraph 22 and therefore denies the same.

23. Alaska Airlines denies the allegations of Paragraph 23 directed to Alaska Airlines. To the extent that Paragraph 23 is deemed to require a response with respect to the other Defendants, Alaska Airlines lacks knowledge sufficient to admit or deny the allegations and therefore denies the same.

## PRAYER FOR RELIEF

Alaska Airlines denies that TQP is entitled to any of the relief sought in its Prayer for Relief to the extent relief is sought against Alaska Airlines.

## AFFIRMATIVE DEFENSES

Alaska Airlines' Affirmative Defenses are listed below. Alaska Airlines reserves the right to amend its Answer to add additional Affirmative Defenses, including instances of inequitable conduct, consistent with the facts discovered in the case.

1. Alaska Airlines does not infringe and has not infringed, either literally or under the doctrine of equivalents, any valid claim of the Patent-in-Suit. To the extent that TQP asserts that Alaska Airlines indirectly infringes, either by contributory infringement or by inducement of infringement, Alaska Airlines is not liable for the acts alleged to have been performed before Alaska Airlines knew that any actions might result in indirect infringement.

2. The Patent-in-Suit is invalid for failure to satisfy one or more of the conditions for patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112.

3. TQP's claims are barred, in whole or in part, by the equitable doctrine of estoppel, including, but not limited to, the doctrine of prosecution history estoppel. Upon information and belief, because of actions taken during the prosecution of the application that resulted in the Patent-in-Suit, including amendment, cancellation, or abandonment of claims, and the admissions and other statements made therein by or on behalf of the patentee, TQP is estopped from claiming a construction of the Patent-in-Suit that would cause any valid claim to cover or include any method or system made, used, offered for sale, sold, or imported by Alaska Airlines.

4. TQP's attempted enforcement of the Patent-in-Suit against Alaska Airlines is barred

by laches and estoppel.

5. To the extent that TQP, its alleged predecessors in interest to the Patent-in-Suit, and/or any respective licensees, failed to properly mark any of their relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Alaska Airlines' actions allegedly infringed the Patent-in-Suit, Alaska Airlines is not liable to TQP for the acts alleged to have been performed before it received actual notice that it was allegedly infringing the Patent-in-Suit.

6. To the extent that TQP seeks injunctive relief for alleged infringement, the relief sought by TQP is unavailable because any alleged injury to TQP is not immediate or irreparable and because TQP has an adequate remedy at law for any alleged injury.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Alaska Airlines asserts the following Counterclaims against TQP.

### Parties

1. Alaska Airlines, Inc. is an Alaska corporation, with its principal place of business in Seattle, Washington.

2. Horizon Air Industries, Inc. d/b/a Horizon Air is a Washington corporation, with its principal place of business in Seattle, Washington.

3. TQP Development, LLC claims it is a Texas limited liability company, with its principal place of business in Marshall, Texas.

### Jurisdiction and Venue

4. This is an action for a declaration that the claims of the Patent-in-Suit are invalid and/or not infringed pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 101, *et seq.* Accordingly, this Court has subject matter jurisdiction under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* and under 28 U.S.C. §§ 1331 and 1338.

5. An actual, substantial, and continuing justiciable controversy exists between Alaska Airlines and TQP with respect to which Alaska Airlines requires a declaration of its rights by this Court. Specifically, the controversy relates to the invalidity and non-infringement of the Patent-in-Suit and to TQP's right to threaten and/or maintain a suit against Alaska Airlines for infringement of the Patent-in-Suit.

6. This Court has jurisdiction over TQP because it brought its suit alleging patent

infringement in this Court.

7. Venue is proper pursuant to at least 28 U.S.C. § 1391 as to this action.

## COUNT I

### Declaratory Relief Regarding Non-infringement

8. Alaska Airlines realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

9. Alaska Airlines has not infringed and does not infringe any valid claim of the Patent-in-Suit literally, directly, willfully, indirectly (such as contributorily or by way of inducement), and/or under the doctrine of equivalents.

10. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between TQP and Alaska Airlines as to whether Alaska Airlines has infringed or infringes any valid claim of the Patent-in-Suit.

11. Alaska Airlines requests a judicial determination and declaration of the respective rights and duties of the Parties on the disputes set forth above. Such a determination and declaration are necessary and appropriate at this time so that the Parties may ascertain their respective rights and duties in this regard.

## COUNT II

### Declaratory Relief Regarding Invalidity

12. Alaska Airlines realleges and incorporates by reference the foregoing allegations as though fully set forth herein.

13. The Patent-in-Suit is invalid for failure to comply with one or more of the conditions and requirements of patentability set forth in Title 35 of the United States Code, particularly 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between TQP and Alaska Airlines as to whether there exists any valid asserted claim of the Patent-in-Suit.

15. Alaska Airlines requests a judicial determination and declaration of the respective rights and duties of the Parties on the disputes set forth above. Such a determination and declaration are necessary and appropriate at this time so that the Parties may ascertain their respective rights and duties in this regard.

## P<small>RAYER</small>

Alaska Airlines respectfully requests that this Court enter judgment in its favor and grant the following relief:

A. Deny all relief requested by TQP in view of any or all of the denials or affirmative defenses set forth above;

B. Enter judgment that Alaska Airlines has not infringed and does not infringe any valid claim of the Patent-in-Suit literally, directly, willfully, contributorily, by way of inducement, and/or under the doctrine of equivalents.

C. Enter judgment that the claims of the Patent-in-Suit are invalid pursuant to Title 35 of the United States Code.

D. Find this to be an exceptional case under 35 U.S.C. § 285 and award Alaska Airlines its costs, expenses, and attorneys' fees incurred in this action.

E. Award Alaska Airlines such other and further relief as the Court may deem just and proper.

## J<small>URY</small> D<small>EMAND</small>

Alaska Airlines hereby demands trial by jury on all issues.

| | |
|---|---|
| DATED: June 18, 2012. | Respectfully submitted, |

KLEMCHUK KUBASTA LLP

/s/ Darin M. Klemchuk
Darin M. Klemchuk
Texas Bar No. 24002418
Kirby B. Drake
Texas Bar No. 24036502
8150 North Central Expressway
10th Floor
Dallas, Texas 75206
Telephone: 214.367.6000
Facsimile: 214.367.6001
darin.klemchuk@kk-llp.com
kirby.drake@kk-llp.com
docketing_kkllp@me.com

COUNSEL FOR DEFENDANTS
ALASKA AIRLINES, INC. AND HORIZON AIR
INDUSTRIES, INC.

### CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true and correct copy of the foregoing document has been served on June 18, 2012, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system as per Local Rule CV-5(a)(3).

/s/ Darin M. Klemchuk
Darin M. Klemchuk